O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK S. NIELSEN, <br><br> Plaintiff, <br> v. <br> CAROLYN W. COLVIN,[1] <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 12-07011-OP <br><br> MEMORANDUM OPINION AND ORDER |

The Court[2] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[3]

/ / /

---

[1] Carolyn W. Colvin, the current Commissioner of Social Security, is hereby substituted as the Defendant herein. Fed. R. Civ. P. 25(d)(1).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 8, 9.)

[3] As the Court advised the parties in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

1

## I.

## DISPUTED ISSUE

As reflected in the Joint Stipulation, the sole issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge's ("ALJ") step five determination of not disabled, as of Plaintiff's 50th birthday on January 16, 2011, is supported by substantial evidence. (JS at 4.)

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## DISCUSSION

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff had the impairments of insulin dependent diabetes mellitus; clinically significant macular edema; severe non-proliferative diabetic retinopathy; non-clinically significant asteroid hyalosis; age-related

nuclear sclerosis; hyperlipidemia; and hypertension, that "at least in combination, are 'severe.'" (Administrative Record ("AR") at 16-17.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, except that he must avoid duties requiring fine vision, such as reading small print or using small tools, but he has no limitation in his near acuity. (Id. at 19.) The ALJ also found Plaintiff to be illiterate but able to communicate in English.[4] (Id. at 22.)

Relying on the testimony of the vocational expert ("VE"), "in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2," and specifically inquiring of the VE whether the representative occupations could be performed by someone who is illiterate, the ALJ determined Plaintiff was able to perform such unskilled occupations as Basket Filler (Dictionary of Occupational Titles ("DOT") 529.687-010), Bakery Racker (DOT No. 524.687-018), and Base Filler (DOT No. 732.687-018). (AR at 23.)

**B.**   **The ALJ Utilized the Wrong Grid Rule After Plaintiff's 50th Birthday.**

When Plaintiff filed his protective application for Supplemental Security Income on March 19, 2009, alleging disability beginning on January 1, 2006, he was classified as a "younger individual," aged 18-49. (Id. at 22.) On January 16, 2011, just prior to the supplemental hearing held on March 16, 2011, Plaintiff turned 50 years old, changing age category to "closely approaching advanced

---

[4] With respect to Plaintiff's literacy, the ALJ stated:
> I note that the claimant's allegation that he is unable to read and/or write without significant difficulties is not entirely supported by the record, including the fact that it appears that Mr. Nielsen filled out the Adult Disability Report himself. The claimant's transcript, which allegedly shows failing grades, does not necessarily indicate an inability to read; some people perform poorly in school even without a learning disability. However, *giving the claimant the benefit of the doubt*, I will *assume* that he is illiterate.

(AR at 22 (emphasis added).)

age," for individuals aged 50-54.  (Id. at 14, 21.)

    Plaintiff contends, and Defendant concedes, that the ALJ erred at step five of the sequential evaluation process, by applying Grid Rule 202.11 to Plaintiff after his 50th birthday on January 16, 2011.[5]  (JS at 6 (citing AR at 23).)  Rule 202.11 applies to an individual who is closely approaching advanced age (aged 50-54), able to perform a full range of light work, of limited or less education, and with skills from past work that are not transferable.  (Id. (citations omitted).)  Plaintiff argues that because he was given the benefit of the doubt and classified as illiterate and able to communicate in English, the ALJ should have used Grid Rule 202.09, applicable to an illiterate person closely approaching advanced age, with no transferable skills from past work, and able to perform a full range of light work.  (Id. at 6-7 (citation omitted).)  Grid Rule 202.09 under these circumstances, would direct a finding of disabled.  Plaintiff contends that this "error" requires reversal.  (Id. at 6.)  The Commissioner requests that the matter instead be remanded.  (Id. at 7.)

    The Court notes, however, that Grid Rule 202.09 only applies where the plaintiff's past work experience also coincides completely with Rule 202.09, i.e., unskilled work, or skilled or semi-skilled work with no transferable skills.  See Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).  In this case, the VE testified, and the ALJ found, that Plaintiff's prior work was semi-skilled work.  (AR at 21.)  As a result, it does not completely coincide with Rule 202.09, which on its face applies to previous work experience that is "Unskilled or none."  20 C.F.R. pt. 404, subpt. P, app. 2, § 202.09.  Accordingly, whether Grid Rule 202.09 applies to Plaintiff after his 50th birthday, turns on whether his skills from his past work are "readily transferable to a significant range of semi-skilled or skilled work

---

    [5] Plaintiff does not dispute the ALJ's finding that he was "not disabled" prior to January 16, 2011, when Plaintiff was a "younger individual" under Grid 202.18.

that is within [his] functional capacity." Id. §§ 202.00(d), 202,09; see also Silveira v. Apfel, 204 F.3d 1257, 1261 n.11 (9th Cir. 2000) ("Rule 202.09 applies to a claimant who is restricted to light work, who is closely approaching advanced age, who is illiterate or unable to communicate in English, and who has a *skilled or semi-skilled work history with no transferable skills* or an unskilled work history") (emphasis added).

In this case, the ALJ declined to determine transferability because he erroneously believed that transferability of job skills was not material to the determination of disability "because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." (AR at 22 (citations omitted).) While this is true of § 202.18 as applied prior to Plaintiff's 50th birthday even assuming he is illiterate, it is not necessarily true after he turned 50 when different Grid Rules, i.e., either § 202.09 or § 202.11, apply, depending on transferability of job skills and Plaintiff's literacy. Indeed, it appears to the Court that the ALJ gave Plaintiff the benefit of the doubt with regard to literacy at least in part because the ALJ erroneously believed that this factor was immaterial to his ultimate determination of non-disability both at the younger age and after Plaintiff's 50th birthday. (AR at 22.) As discussed, this was not necessarily the case.

**C.    This Case Should Be Remanded for Further Proceedings.**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th. Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. Lewin, 654 F.2d at 635.

The Court finds that the ALJ committed legal error by not properly considering the appropriate Grid Rules after Plaintiff's 50th birthday. Moreover,

because skill transferability and Plaintiff's literacy also impact a disability determination under the Grid Rules after his 50th birthday, the ALJ should make specific findings, supported by substantial evidence of record, as to transferability of job skills and Plaintiff's literacy in determining the appropriate Grid Rule. Accordingly, it appears to the Court that this is an instance where further administrative proceedings would serve a useful purpose and remedy defects.

## IV.

## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: March 18, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge

